UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROLANDO SERRANO,              )
Petitioner                    )
                              )
                   v.         )  07-CV-30080-MAP
                              )  03-CR-30037-MAP
                              )
UNITED STATES OF AMERICA,     )
Respondents                   )


MEMORANDUM AND ORDER REGARDING
PETITIONER'S AMENDED MOTION PURSUANT TO 28 U.S.C.
§ 2255 TO VACATE, SET-ASIDE OR CORRECT HIS SENTENCE
(Dkt. Nos. 24 & 71)

March 12, 2009

PONSOR, D.J.

I.  INTRODUCTION

Petitioner, Rolando Serrano, was indicted for three counts of distributing heroin and two counts of distributing fifty or more grams of cocaine base, all in violation of 21 U.S.C. § 841.  Petitioner pled guilty to all five counts on September 10, 2004, and on May 11, 2006 he was sentenced to 120 months imprisonment for each count, to be served concurrently with one another.  No direct appeal of his conviction or sentence was filed.

Petitioner subsequently filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. 2255 which was dismissed on April 2, 2008 for failure to meet certain timelines.  On May 2, 2008, Petitioner's Motion for Reconsideration was granted.  For the reasons set forth below, the court will deny  Petitioner's amended motion pursuant to § 2255 in the civil case, 07-cv-30080 (Dkt. 24) and enter judgment for Respondent.  The court will also deny a parallel motion in the criminal case, 03-cr-30027 (Dkt. 71).

## II.  BACKGROUND

On July 17, 2003, Rolando Serrano was charged with three counts of distributing heroin (Counts 1-3) and two counts of distributing fifty or more grams of cocaine base (Counts 4-5), all in violation of 21 U.S.C. § 841.  The evidence supporting these charges emerged from four separate drug transactions with an undercover Drug Enforcement Administration (DEA) agent and included video recordings of the transactions, audio recordings of telephone conversations, and still surveillance photographs.

Pursuant to 21 U.S.C. § 841(b)(1)(A), the two counts of

distributing fifty or more grams of cocaine base each carried a minimum mandatory prison sentence of ten years. Relying on a previous felony drug conviction by Petitioner, the Government filed an information pursuant to 21 U.S.C. § 851(a)(1), which had the effect of increasing the minimum mandatory prison sentence for Petitioner's cocaine base offenses to twenty years for each count.  Instead of proceeding to trial, Petitioner entered into a plea agreement with the Government.

As part of the plea arrangement, the government agreed that in its sole discretion, it might do one or more of the following prior to sentencing: 1) withdraw the information filed pursuant to 21 U.S.C. § 851, 2) make a motion pursuant to U.S.S.G. § 5K1.1 so that the sentencing court could impose a sentence below what the Federal Sentencing Guidelines would require, or 3) file a motion pursuant to 18 U.S.C. § 3553(e) so that the sentencing court might impose a sentence below the minimum mandatory sentence established by statute (Dkt. No. 53, Plea Agreement p.5-6).[1]

---

[1] All references to Documents are to <u>United States v. Serrano</u>, No. CR 03-30037-MAP, (D. Mass. 2004)

3

Under these conditions, Petitioner pled guilty and
after a thorough hearing pursuant to Fed. R. Crim. P. 11,
held on September 10, 2004, Petitioner's guilty plea was
accepted by this court.  Prior to sentencing, the government
dismissed the information filed pursuant to 21 U.S.C. § 851,
thereby reducing the minimum mandatory prison sentence from
twenty years to ten years for Petitioner's cocaine base
offenses.  At sentencing, Petitioner was classified as an
Offense Level twenty-nine, Criminal History Category III,
generating a Sentencing Guideline range of 108-135 months
(Dkt. No. 72, Sentencing Hr'g p.5 ¶ 7).  On May 11, 2006,
Petitioner was sentenced to the minimum mandatory term of
120 months for each of his cocaine base offenses and a 120-
month term for each of his heroin offenses, resulting in
five terms of 120 months, all to run concurrently.
Petitioner now challenges his sentence under 28 U.S.C. §
2255.  As noted, Petitioner never filed a direct appeal of
his sentence or plea.

### III.   DISCUSSION

Petitioner seeks relief on three grounds: 1) the court
imposed an erroneous and unreasonable sentence; 2) he was

deprived of the effective assistance of counsel; and 3) his plea was not knowing and voluntary.

A.   Unreasonable Sentence Claim

Petitioner contends that: 1) the court imposed an unreasonable sentence in contravention of United States v. Booker, 543 U.S. 220 (2005); 2) his criminal history was erroneously calculated and unjustly used to enhance his sentence; 3) Project Safe Neighborhoods was improperly used to manipulate the factors used to determine his sentence; 4) the court failed to consider his cooperation in the investigation, his substance abuse history, and his family circumstances in calculating his sentence; and 5) retroactive amendments made to the Federal Sentencing Guidelines pertaining to cocaine base offenses warrant a recalculation of his sentence.

The First Circuit has made it cleat that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).  Collateral claims of trial error to which no contemporaneous objection or appeal was raised must be substantiated by a showing of "(1) 'cause' excusing his double procedural default, and (2)

'actual prejudice' resulting from the errors of which he complains."  Id. at 167-68; see also Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999) (stating "defendant's failure to object at sentencing and/or on direct appeal . . . constitutes a procedural default, leaving the issue open to collateral attack only if the defendant can show cause and prejudice.").

Petitioner has failed to show cause for failing to object at trial or upon appeal, nor has he shown any actual prejudice resulting from any alleged error.  Petitioner pled guilty to two counts of distributing fifty or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  A conviction on these facts mandates a ten-year minimum sentence.  21 U.S.C. § 841(b)(1)(A).  The court did not err in calculating Petitioner's sentence for these offenses because the court had no discretion in determining them.[2] Petitioner received the statutorily assigned minimum mandatory sentence for his offenses.  Petitioner's level of cooperation and prior criminal history played no part in

---

[2] A review of the calculation used in determining Petitioner's sentence for the heroin offenses is rendered unnecessary by the fact that his sentences for all charges run concurrently.

determining his sentence for distributing cocaine base; therefore, any alleged error made in calculating these factors could not have prejudiced him.

Furthermore, Petitioner's claim that the retroactive amendments to the Federal Sentencing Guidelines for cocaine base offenses require a recalculation of his sentence is without merit.  The crack cocaine amendments to the Federal Sentencing Guidelines do not affect a statutorily assigned minimum mandatory sentence.  See United States v. Ganun, 547 F.3d 46, 47 (1st Cir. 2008) (holding that the crack cocaine amendments to the Sentencing Guidelines confer no power to reduce a statutorily assigned mandatory minimum sentence). Petitioner's sentence for his cocaine base offenses equaled the statutorily assigned minimum sentence of 120 months. Therefore, any changes to the Federal Sentencing Guidelines pertaining to cocaine base violations do not affect Serrano's sentence.[3]

---

[3] Since Defendant's minimum mandatory sentence renders him ineligible for any reduction of his sentence based on the amendments to the crack guidelines, the public defender's failure to pursue a reduction on this ground was proper.  Defendant's September 24, 2008 letter in his criminal case, 03-CR-30037, Dkt. 89, seeking appointment of a new attorney, lacks a proper basis.  Viewed as a motion, it is hereby DENIED.

B.   <u>Ineffective Assistance of Counsel</u>

Petitioner further claims that his counsel's assistance was ineffective, depriving him of his Sixth Amendment rights.

In order to support a claim of ineffective assistance of counsel, Petitioner must show both "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984).  Counsel's assistance is subjected to a "highly deferential review," whereby counsel is given "'wide latitude in deciding how best to represent a client' . . . and benefits from a strong presumption that he or she rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions." <u>Sleeper v. Spencer</u>, 510 F.3d 32, 38-39 (1st Cir. 2007) (citations omitted).

Additionally, Petitioner must carry the burden of showing that his attorney's errors were "sufficient to undermine confidence in the outcome . . . [not simply] that

the errors had some conceivable effect on the outcome."
Gonzales-Soberal v. United States, 244 F.3d 273, 278 (1st
Cir. 2001) (quoting Strickland, 466 U.S. at 693-
94)(quotations omitted).

Petitioner claims that his counsel failed to: 1) call a
key witness at sentencing; 2) challenge the use of prior
convictions in determining his sentence; 3) investigate
mitigation issues in sentencing; 4) investigate "priors"
that were used as aggravating factors at sentencing; and 5)
advise or encourage a direct appeal.  Petitioner has failed
to carry the heavy burden and has failed specifically to
satisfy the second part of the Strickland standard by
demonstrating how, but for these alleged errors, there was a
reasonable probability the outcome would have been
different.  Petitioner received a sentence which equaled the
statutorily assigned minimum sentence for his cocaine base
offenses, which counsel could not have successfully
mitigated or reduced in any manner.

Additionally, Petitioner is unable to meet the
Strickland burden with his claim that counsel failed to
investigate the validity of the prior drug felony conviction

used by the government to file the information.  The record
indicates that on December 15, 2000, in the Superior Court
of Massachusetts, Hampden County, Petitioner pled guilty and
was convicted of a narcotics felony: the Distribution of a
Controlled Substance (Class B-Cocaine) (Dkt. No. 14, Pl.
Information p. 1.).  No evidence suggests that the prior
conviction was invalid, and Petitioner has failed to
demonstrate how the alleged failure to investigate the
underlying conviction in any way caused him actual
prejudice.

     Finally, Petitioner's claim that counsel failed to
consult with him and encourage an appeal similarly lacks
merit.  The record indicates that counsel was able to
negotiate with the government to have the information filed
pursuant to 21 U.S.C. § 851 dropped as part of the plea
arrangement, thus reducing Petitioner's minimum mandatory
sentence to ten years from twenty years.  Petitioner had
entered into four separate drug transactions with an
undercover DEA agent and the transactions were documented
with video footage, telephone transcripts, and still
photographs.  The case against Petitioner was strong and

Petitioner has failed to demonstrate a reasonable probability that an appeal would have had an effect on his sentence.

C.   <u>Voluntariness of Petitioner's Plea</u>

Finally, Petitioner's claims that he did not tender a knowing, intelligent and voluntary plea in violation of the Sixth Amendment and the Due Process clause of the Fifth Amendment are similarly without merit.  Petitioner alleges that his counsel: 1) failed to review discovery and sentencing issues with him prior to his plea; 2) instructed him to do whatever was necessary in order to effectuate the plea agreement; and 3) erroneously represented that his sentence would be three to five years upon his guilty plea.

"[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats . . . misrepresentation . . . or perhaps by promises that are by their nature improper . . .."  <u>Ferrara v. United States</u>, 456 F.3d 278, 290 (1st Cir. 2006) (quoting <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970)).  Furthermore, "[i]n the

11

plea-bargain context, the text of the plea agreement and the content of the change-of-plea colloquy are critically important to a determination of knowledge and volition." United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001); see also Boykin v. Alabama, 395 U.S. 238, 244 n.7 (1969) (stating that if convictions based upon guilty pleas "are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant. . . .").

Transcripts of the plea colloquy indicate that Petitioner was fully aware of the direct consequences of the plea.  They show that the court explained, and Petitioner acknowledged, the lowest possible sentence that would result from the plea was twenty years.  Dkt. No. 55 at 32-34.  The court further explained that it was in the government's exclusive power and discretion whether this minimum mandatory sentence would be reduced to ten years by withdrawing the information it had previously filed.  Id. at 33.)  Likewise, Petitioner stated that his plea was not induced by any threats or promises, Id. at 10, and acknowledged that there had been no representations made to

12

him regarding the specifics of his pending sentence. (Dkt.
No. 55, Rule 11 Hr'g p. 10-11).  Nothing in the record
indicates that the Petitioner's plea was anything but
knowing, intelligent and voluntary

### IV.   CONCLUSION

For the reasons set forth above, Petitioner is not
entitled to relief for any of his three claims.  Acting
through his attorney, Petitioner was able to arrange a plea
arrangement that reduced his mandatory sentence from twenty
years to ten year.  Nothing in the record suggests that his
counsel was ineffective; moreover, Serrano has failed to
demonstrate how the proceedings would have turned out
differently even if his counsel had somehow erred.
Additionally, Serrano has failed to establish how any of the
court's alleged errors in sentencing have actually
prejudiced him, since he received a minimum mandatory
sentence.  Finally, the record indicates that Serrano
entered his plea agreement understanding the direct
consequences of his actions and did not act because of any
threat, promise or bribe.  Petitioner's Motion to Vacate,
Set Aside or Correct His Sentence pursuant to 28 U.S.C. §

2255 (Dkt. No. 24 in 07-cv-30080 & Dkt. No. 71 in 03-cr-30037) is hereby DENIED.  His petition is dismissed, and the clerk is ordered to enter judgment for Respondent in 07-cv-30080.  This case may be closed.  Further, the letter motion seeking appointment of a new attorney to pursue a reduction of the sentence in 03-cr-30037 (Dkt. No. 89) is hereby DENIED, since Defendant' mandatory sentence renders him ineligible for any reduction.

It is So Ordered.


/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge